## AFFIDAVIT OF SPECIAL AGENT JOHN CATLIN

I, Special Agent John Catlin, being duly sworn, depose and state as follows:

1. I am a Special Agent with the United States Department of Labor, Office of Inspector General, Office of Labor Racketeering and Fraud Investigations, Boston Field Office. I have been so employed since August 22, 2012. Prior to becoming a Special Agent, I was employed with the same office as a Criminal Investigative Assistant for approximately two years. I am a graduate of the Criminal Investigator Training Program at the Federal Law Enforcement Training Center in Glynco, Georgia. I have a Master's Degree in Accounting from the University of Massachusetts - Boston and a Bachelor of Science Degree in Criminal Justice from Northeastern University. I have assisted in multiple embezzlement investigations.

2. I am currently assigned to an investigation of the embezzlement of funds from the Service Employees International Union ("SEIU") Local 615 in Boston. The information in this affidavit is based on my personal knowledge and review of documents, records, and other physical evidence as well as information provided to me by other law enforcement officers and individuals. The information in this affidavit is provided for the limited purpose of establishing probable cause and is not a complete statement of all of the facts known to me regarding this investigation.

3. I submit this affidavit in support of a criminal complaint for CARLOS M. CRUZ DIAZ for embezzlement from an employee pension benefit plan in violation of Title 18, United States Code, Section 664. Specifically, there is probable cause to believe that CRUZ DIAZ has embezzled at least $80,000 from the SEIU pension benefit plan during the period January 1, 2009 through October 31, 2012.

4. On October 10, 2012, SEIU Executive Director Louis Malzone and Chief of Staff Pablo Ruiz reported the suspected theft of approximately $100,000 of SEIU pension funds by means of electronic transfers to accounts not associated with SEIU beneficiaries. Malzone and Ruiz provided a spreadsheet that showed the questionable transfers of pension funds.

5. Members of SEIU are primarily persons who are or were employed as janitors, custodians, and cleaning people. Qualified participants receive pension benefits that typically are in amounts of no more than a few hundred dollars per month. Approved pension beneficiaries elect to have their payments mailed in the form of a check or transferred electronically via the Automated Clearing House ("ACH") to a bank account designated by the beneficiary. The SEIU pension fund is connected to an employee pension benefit plan subject to the provisions of the Employee Retirement Income Security Act of 1974.

6. On November 8, 2012, SEIU Pension Fund Administrator Silvia Sanchez was interviewed. According to Sanchez, only Sanchez and CRUZ DIAZ work with the SEIU pension fund. Sanchez reported that in September 2012, she and Ruiz discovered that multiple payments, on behalf of different beneficiaries, were being directed to the same accounts. For example, five beneficiaries had pension fund payments transferred via ACH to SunTrust Bank account number x7824; three beneficiaries had pension fund payments transferred via ACH to SunTrust Bank account number x2646; two beneficiaries had pension fund payments transferred via ACH to Chelsea Bank account number x2322; two beneficiaries had pension fund payments transferred via ACH to RBS Citizens Account number x2727, and 11 beneficiaries had pension fund payments transferred via ACH to RBS Citizens Bank account number x5670. In sum, these transfers totaled more than $100,000

7. According to Sanchez, in her 15 year career working with pension funds, this was the first time that she had seen multiple payments for different beneficiaries being deposited into the same accounts.

8. Sanchez reported that SEIU records reflected the transfer of $8,000 to SunTrust Bank account number x7824, on behalf of beneficiary SJ, as a "retroactive special payment." Sanchez contacted SJ who stated that her contact at SEIU was CRUZ DIAZ. CRUZ DIAZ told SJ that she was scheduled to receive a monthly payment of approximately $2,000 but never mentioned anything about a "retroactive special payment." SJ does not have a bank account with SunTrust Bank and did not know anything about the $8,000 transfer.

8. On November 13, 2012, Ruiz was interviewed. Ruiz stated that CRUZ DIAZ was responsible for meeting with potential beneficiaries to determine their eligibility to receive pension funds, inputting their information, and generally assisting them through the pension benefits process. Ruiz had reviewed CRUZ DIAZ's office computer internet history and noticed multiple visits to the SunTrust Bank website

9. I have reviewed the bank records for the accounts described above in Paragraph 6. RBS Citizens Bank account number x5670 belongs to "Carlos M. Cruz" and shows 29 electronic transfer/ACH deposits, totaling $23,303.00, from "Massachusetts SE PN PMTS." These transfers include one dated October 1, 2011 in the amount of $2,541.00. SunTrust Bank account number x2646 belongs to "Lumarem Quirindongo" and shows 21 electronic transfer/ACH credit deposits, totaling $23,010.00, from "Massachusetts SE PN PMTS." SunTrust Bank account number x7824 also belongs to "Lumarem Quirindongo" and shows 31 electronic/ACH credit deposits, totaling $26,189.00, from "Massachusetts SE PN PMTS." These deposits match the transfers from the SEIU pension fund.

10. On January 22, 2013, I interviewed CRUZ DIAZ at his home located in Medford, Massachusetts. I showed CRUZ DIAZ the documents from SEIU and bank statements from his RBS Citizens Bank account x5670. CRUZ DIAZ admitted that he stole the funds and transferred them into accounts in his name and those of his girlfriend, Lumarem Quirindongo. CRUZ DIAZ also admitted that on occasion, he created fictitious beneficiaries for the purpose of stealing from the pension fund including the use of a fictitious name, Oscar Lopez, as well as the use of his sister's name, Marilyn Rivera Dias.

11. Based on the information described above, I have probable cause to believe that on or about October 1, 2011, CARLOS M. CRUZ DIAZ embezzled funds from an employee benefit plan in violation of Title 18, United States Code Section 664, in the amount of $2,541.00.

Sworn to under the pains and penalties of perjury.

John Gatlin
Special Agent
United States Department of Labor, Office of
Inspector General, Office of Labor Racketeering
and Fraud Investigations

Subscribed and sworn to before me on January 31, 2013.

Jennifer C. Boal
United States Magistrate Judge